**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: : | |
| : | **CHAPTER 13** |
| BEN HOUSTON BOOKER AND : | **NO. 20-14801** |
| STACEY BOOKER : | |

# O R D E R

**AND NOW,** this _____ day of _____, 20____, upon consideration of the Motion to Sell Real Property filed by Debtor, upon notice to all interested parties, and any response thereto, it is hereby

**ORDERED,** that debtor is authorized to sell his/her real property located at 705 Briarcliff Road, Upper Darby, PA 19082 ("Property"), with all liens to be paid at closing, for the sale price of $140,000.00 (One Hundred and Forty Thousand Dollars), pursuant to the terms of a certain real estate agreement of sale dated September 2, 2024 to the buyers thereunder, MD Nazrul Islam, Nahida Sultana, & Nura Alam Bbuiyan ("Buyers"), who have been represented to be purchasing the Property at arms-length.

The proceeds from the real estate sale, paid into the Chapter 13 Plan, will result in distribution of payment of 100% to all allowed unsecured claims.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters.

2. Liens paid at closing including any amounts outstanding on the mortgage.................................................................................................$80,176.12

3. Real estate taxes, sewer, trash and/or other such items. .................................$2,184.73

4. Property repairs, (sewer and sidewalk)……………………………………..$8,000.00

5. Real estate commission, at no greater than 6%.............................................$1,750.00

6. Real Estate Transfer Taxes. .................................................................... $1,750.00

7. Attorneys' fees………………………………………………………………..N/A

8. Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement.

9. Kenneth West, Chapter 13 Trustee $........................................................... $7,500.00

10. Any other necessary expenses to allow the sale to close............................ $   430.00

Estimated Total...................$ 101,790.85

This Order is contingent upon the mortgage lien(s) held by M&T Bank (POC #3) or its assigns being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date; or any short payoff shall be approved by Police and Fire Federal Credit Union; and Debtor shall have ninety (90) days from entry of this Order to sell the Property.

Any judgments and liens shall be paid at closing in amounts necessary to provide the buyer with clear title.

Upon receipt of payment, any creditor(s), paid at closing shall withdraw or amend its proof of claim within 30 days.

The Standing Chapter 13 Trustee, Kenneth West, is authorized to adjust the percentage to unsecured creditors based on the funds received in accordance with 11 USC §1329. The balance of the sale's proceeds after all the above distributions shall be paid to the Debtor(s) Ben Houston Booker, Jr., as sole owner(s) of the property.

ORDERED that this Order shall constitute an order permitting the Debtor(s) to make disbursements at or immediately after settlement as provided herein above.

The title clerk shall email settlementsheet@ph13trustee.com and fax (215) 627-6299 a completed HUD1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall email and fax a copy of the disbursement check to the trustee and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

BY THE COURT:

_____
HONORABLE ASHELY M. CHAN
U.S. BANKRUPTCY JUDGE